UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Abida Azam,

Plaintiff,

-against-

Kristi Noem, *et al.*,

Defendants.
---------------------------------------------------------------X

**MEMORANDUM & ORDER**
25-CV-01394 (DG)

DIANE GUJARATI, United States District Judge:

By Complaint filed on March 11, 2025, Plaintiff Abida Azam commenced this action against Defendants Kristi Noem, Secretary of the Department of Homeland Security; Kika Scott, United States Citizenship and Immigration Services ("USCIS") Senior Official Performing the Duties of the Director; John Armstrong, Senior Bureau Official, Bureau of Consular Affairs; and Shawn Crowley, Deputy Chief of Mission at the U.S. Embassy in Italy (collectively, "Defendants"), each in his/her official capacity. *See generally* Complaint ("Compl."), ECF No. 1. The Complaint – styled "Complaint for Writ of Mandamus and Complaint Under Administrative Procedure Act" and stemming from the visa petition (the "Visa Petition") filed for Muhammad Bilal Aslam, Petitioner's fiancé – was brought in three counts: (1) "Action to Compel Agency to Perform their Duty Pursuant to 28 U.S.C. § 1361;" (2) "Unreasonable Agency Delay and Failure to Act Pursuant to 5 U.S.C. § 555(b) and 5 U.S.C. § 702;" and (3) "Agency Action is unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1) and Agency Action is Arbitrary, Capricious and an Abuse of Discretion under 5 U.S.C. § 706(2)(A)." *See generally* Compl. Plaintiff attached to the Complaint as exhibits numerous documents relevant to the Visa Petition. *See* ECF No. 1-1 (Exhibits A through R). The Complaint principally seeks an order compelling "Defendants and those acting under them to take all

appropriate action to reinstate and adjudicate the Plaintiff's fiancé visa petition without further delay." *See* Compl. at 9.

On March 26, 2025, the Court issued an Order to Show Cause that, *inter alia*, directed Defendants to show cause in writing why a Writ of Mandamus should not be issued. *See* March 26, 2025 Order to Show Cause.

On May 23, 2025, Defendants filed a letter in response to the Order to Show Cause, arguing that the Court lacks subject matter jurisdiction over this action because the action is moot and that therefore the action should be dismissed. *See* ECF No. 6 (setting forth relevant regulatory and factual background and principally arguing that Plaintiff "already received all of the relief she is entitled to").

On June 23, 2025, Plaintiff filed a letter in opposition to Defendants' May 23, 2025 letter, requesting that the Court "compel Defendants[] to adjudicate Plaintiff's visa petition in a timely fashion." *See* ECF No. 7.

The Court held oral argument on July 17, 2025. *See* Minute Entry for July 17, 2025 Oral Argument. At oral argument, Plaintiff withdrew the first and second counts of the Complaint and the Court directed Plaintiff to file a letter by July 31, 2025 indicating whether or not Plaintiff withdraws the third count of the Complaint. *See* July 17, 2025 Minute Entry. By letter dated July 29, 2025, Plaintiff informed the Court that she "[did] not intend to withdraw Count Three," the sole remaining count. *See* ECF No. 8.

By Order dated August 4, 2025, the Court deemed Defendants' May 23, 2025 letter, ECF No. 6, to be Defendants' motion to dismiss Count Three of the Complaint (the Court hereinafter refers to the filing at ECF No. 6 as the "Motion to Dismiss"); afforded Plaintiff an opportunity to supplement her opposition to Defendants' motion; and afforded Defendants an opportunity to

reply to the supplemental opposition, if any. *See* August 4, 2025 Order. Notably, Plaintiff did not file any supplemental opposition. *See generally* docket.

In a letter filed September 4, 2025 – which the Court accepts notwithstanding that Plaintiff did not file a supplemental opposition – Defendants argue that Count Three should be dismissed as moot "because Plaintiff's Petition has been fully and legally adjudicated and there is no further action that this Court can order." *See* ECF No. 10 at 2 (footnote omitted).

For the reasons set forth below, the Motion to Dismiss, ECF No. 6, is granted and this action is dismissed.

**BACKGROUND**

In summary and as most pertinent here, the Complaint – considered together with its attached exhibits – alleges that Plaintiff is a citizen of the United States; that Mr. Aslam was born in Pakistan; that on May 15, 2023, Plaintiff and Mr. Aslam got engaged; that on November 28, 2023, Plaintiff filed the Visa Petition with USCIS; that by Notice dated April 13, 2024, Plaintiff was informed that the Visa Petition was approved by USCIS and was valid from April 12, 2024 to August 11, 2024; that on June 10, 2024, the Visa Petition was received by the embassy in Naples, Italy (the "Embassy") from the National Visa Center ("NVC"); that on June 11, 2024, Mr. Aslam submitted his DS-160 Nonimmigrant Visa Application via the United States Department of State's Consular Electronic Application Center account; that on June 18, 2024, Mr. Aslam was informed that he was required to appear for his consular interview on July 16, 2024; that on July 16, 2024, Mr. Aslam appeared at the Embassy for his consular interview; and that on August 21, 2024, Plaintiff was informed that Mr. Aslam's passport was returned without a visa, that her case had expired and been returned to NVC, and that she was to contact NVC for

any further information. *See generally* Compl.; ECF No. 1-1.[1] Plaintiff alleges in connection with Count Three of the Complaint that "[t]o date, Defendants have unreasonably failed to reinstate and adjudicate Plaintiff's fiancé visa petition without any adequate justification;" that "[d]ue to their unreasonable delay, it is evident Defendants have abused their discretion and acted in ways which are arbitrary and capricious;" and that "[a]s a result of Defendants['] arbitrary, capricious, and abusive action, Plaintiff has suffered irreparable and other harm." *See* Compl. ¶¶ 51-53.

Attached as an exhibit to the Complaint is a letter from the Consulate of the United States in Naples stating that it was "not possible" to issue the visa sought for Mr. Aslam because he was "found ineligible." *See* Exhibit H, ECF No. 1-1 at 16-17.[2] Also attached as an exhibit to the Complaint is a January 10, 2025 Notice from USCIS to Plaintiff, which states:

> This notice is in reference to the Petition for Alien Fiancé(e) that you filed pursuant to section 101(a)(15)(K) of the Immigration and Nationality Act, as amended, and approved by the U.S. Citizenship and Immigration Services (USCIS) on April 12, 2024.
>
> The approved petition was forwarded to the Department of State with a validity period of four months. However, the petition was returned to USCIS after the beneficiary was not issued the requested K-1 visa. The validity period of the petition has now expired.
>
> All USCIS action in this matter is concluded as of the date of this notice.

*See* Exhibit Q, ECF No. 1-1 at 39-40.[3]

---

[1] The Court has considered the entirety of the allegations in the Complaint, familiarity with which is assumed herein.

[2] When citing to the exhibits to the Complaint, the Court uses the page numbers generated by the Court's electronic case filing system ("ECF").

[3] The Court assumes herein familiarity with the applicable statutory and regulatory framework, which is discussed in the Motion to Dismiss.

In a Declaration filed with the Motion to Dismiss, Justin Leone, an attorney adviser in the Office of the Assistant Legal Advisor for Consular Affairs at the U.S. Department of State, declares that he is authorized to search the electronic Consular Consolidated Database ("CCD") of the U.S. Department of State, Bureau of Consular Affairs, for records of immigrant and nonimmigrant visas and that the CCD reflects: that USCIS approved the Visa Petition on April 12, 2024, with a validity period of four months from that date; that the Visa Petition was forwarded to NVC, which sent it to the U.S. Consulate General in Naples, Italy ("post Naples") on June 4, 2024; that Mr. Aslam attended an interview appointment at post Naples on July 16, 2024 and at that time executed his application for a nonimmigrant K-1 visa before a consular officer; that at the conclusion of the July 16, 2024 interview, the consular officer refused Mr. Aslam's nonimmigrant K-1 visa application pursuant to section 221(g) of the Immigration and Nationality Act, 8 U.S.C. § 1201(g), the consular officer having determined that the available information did not demonstrate that Plaintiff's relationship to Mr. Aslam was satisfactorily *bona fide*; and that on August 21, 2024, post Naples sent the visa application to NVC for return to USCIS, as the Visa Petition had expired. *See* Declaration of Justin Leone, ECF No. 6-1.

## DISCUSSION

Count Three – which appears to be premised on "unreasonable delay" by Defendants – is moot. Accordingly, the Court is without subject matter jurisdiction and the action must be dismissed.

### I. Applicable Law

#### A. Title 5, United State Code, Section 706

Title 5, United States Code, Section 706 ("Section 706") provides in relevant part that a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed," *see*

5 U.S.C. § 706(1), and shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," *see* 5 U.S.C. § 706(2)(A).[4]

**B. Subject Matter Jurisdiction and Mootness**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "Under Article III of the U.S. Constitution, '[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'" *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (quoting *Fox v. Bd. of Trs. of State Univ. of N.Y.,* 42 F.3d 135, 140 (2d Cir. 1994)). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Doe v. McDonald*, 128 F.4th 379, 385 (2d Cir. 2025) (quotation omitted). As particularly relevant here, "[w]hen a plaintiff asks a court to compel a federal official to act, and the federal official has already performed that act, the claim is moot, and, therefore, the court lacks subject matter jurisdiction." *See Kuai Le Chen v. Nielsen*, 365 F. Supp. 3d 292, 295 (E.D.N.Y. 2019) (citing *Barrett v. United States*, 105 F.3d 793, 794 (2d Cir. 1996)); *see also Mahon v. Johnson*, 321 F. Supp. 3d 320, 323 (E.D.N.Y. 2018); *Yang v. Mayorkas*, No. 23-CV-07756, 2024 WL 4574143, at *2 (E.D.N.Y. Oct. 23, 2024).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a

---

[4] Count Three, which references Section 706(2)(A) in addition to Section 706(1), appears to be premised on "unreasonable delay" and does not appear to otherwise allege any action taken was arbitrary, capricious, or an abuse of discretion. *See* Compl. ¶ 52 (alleging: "*Due to their unreasonable delay*, it is evident Defendants have abused their discretion and acted in ways which are arbitrary and capricious, and given such, are in violation of 5 U.S.C. § 706(2)(A)." (emphasis added)).

preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113; *see Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (noting that "[t]he party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists" (quotation omitted)). In resolving a motion to dismiss for lack of subject matter jurisdiction, a district court may refer to evidence outside the pleadings. *See Makarova*, 201 F.3d at 113.

## II. Count Three Is Moot

Defendants are correct that Count Three – the remaining Count of the Complaint – is moot. As set forth above, the Visa Petition was approved, with a four-month validity period, and the visa application for Mr. Aslam was refused. The Court lacks subject matter jurisdiction here and this action therefore is dismissed without prejudice. *See, e.g.*, *Yang*, 2024 WL 4574143, at *2.[5]

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss, ECF No. 6, is GRANTED and this action is DISMISSED without prejudice.[6]

---

[5] The Court need not determine whether Count Three would, if not moot, be subject to dismissal as barred by the doctrine of consular nonreviewability and/or for failure to state an unreasonable delay claim but does note that Defendants raise persuasive arguments as to alternative bases for dismissal. *See* Motion to Dismiss at 3-4.

[6] In her July 29, 2025 letter, Plaintiff states that should Plaintiff "not prevail on Count Three of her Complaint, she respect[fully] requests that the Defendants issue a letter specifying the reasons as to why her fiancé visa petition was denied so she may address such denial." *See* ECF No. 8. In response, Defendants assert that "[t]o the extent that Plaintiff is attempting to request new relief from the Court via her July 29, 2025 letter, that relief should also be dismissed as legally improper and unavailable," arguing that "[n]ot only is this relief not requested in Plaintiff's Complaint, Plaintiff is not legally entitled to an explanation for the visa refusal beyond what she has already received . . . ." *See* ECF No. 10 at 2 n.1. The Court declines to address Plaintiff's additional request for relief but does note that Plaintiff does not provide any support for the proposition that she is entitled to the additional relief she now

The Clerk of Court is directed to enter judgment and close the case.[7]

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: November 20, 2025
Brooklyn, New York

seeks.

[7] Although Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), here, a grant of leave to amend would be futile – better pleading will not cure the jurisdictional defect – and Plaintiff's request for leave to amend, *see* ECF No. 7 at 6, is denied. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). It bears noting, however, that Defendants have represented: "Plaintiff here is not without recourse. If she believes that [the Department of State's] denial of the Visa Application was in error, Plaintiff may file a new petition with additional evidence supporting the validity of the claimed relationship." *See* Motion to Dismiss at 2 n.4.